IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BEAUMONT | § | |
|     Plaintiff | § | |
| | § | CIVIL ACTION NO. 1:15CV201 |
| vs. | § | |
| | § | JUDGE: Ron Clark |
| CITY OF BEAUMONT, TEXAS | § | MAGISTRATE: |
|     Defendant. | § | |

**DEFENDANT CITY OF BEAUMONT'S REPLY IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    NOW COMES Defendant, the City of Beaumont, Texas, and files this Reply in Support of Defendant's Motion to Dismiss (Doc. #5) ("this Reply"), and respectfully shows:

    **I.    INTRODUCTION AND OBJECTION TO DECLARATION OF LAPERTOSA**

1.    Plaintiff, United States' Response to Defendant's Motion to Dismiss ("Plaintiff's Response) fails to present a legal argument to overcome Defendant's legal grounds for dismissal of Plaintiff's case for discrimination under the FHA and ADA on the basis of *res judicata*, failure to state a claim for which relief can be granted, and other grounds.  The City has correctly applied the State's mandatory one-half mile spacing rule for community homes and the International Building Code's sprinkler requirements.  The United States has failed to overcome Defendant's assertion that the State must be brought into this lawsuit if it is to continue.

2.    Defendant objects to the Declaration of Max Laptertosa ("the Declaration") and the Exhibits "A" through "E" attached to the Declaration ("the Declaration Exhibits").  Both the Declaration and the Declaration Exhibits contain hearsay.  Max Lapertosa has no personal knowledge of the matters contained in the Declaration paragraphs 2 through 7 which Plaintiff is

relying on in its Response. Max Lapertosa, as attorney for Plaintiff is not the custodian of the records for these documents and the Declaration Exhibits have not been properly authenticated. Exhibit "A" purports to be from the Sunset Advisory Commission with "relevant" portions highlighted, but has no authentication from a person with personal or business knowledge of this document relative to the time periods involved. Exhibit "B" purports to be from the Life Safety Code Handbook with "relevant" portions highlighted, but again has no appropriate authentication relative to the time periods involved. Exhibit "C" purports to be a map of the City with areas where community homes are prohibited from operations, but Plaintiff has not provided any information from a person with knowledge which would support this statement as described by Mr. Lapertosa in paragraph 4 of the Lapertosa Declaration.

3. Exhibit D purports to be a copy of relevant sections of the 2009 International Building Code, stating that the relevant portions are highlighted. This document is not authenticated. The City objects to Max Lapertosa's Declaration at paragraph 5 and his assertion regarding the alleged relevant portions of this Code. Regarding Exhibit E, the City objects to the Exhibit and to Mr. Lapertosa's mischaracterization of the Exhibit, a letter from Christopher S. Boone, which states there are many areas of the City which could accommodate additional community homes.

4. Defendant requests this Court strike the Declaration and the Declaration Exhibits "A" through "E" from the United States' Response to Defendant's Rule 12 b Motion to Dismiss.

## II. REPLY - BACKGROUND

5. The City disputes and denies Plaintiff's assertions in Section "II. A" of the Response (Doc. #10, pgs. 9-12). In particular, Plaintiff's statement that the State does not have a specific spacing requirement for community homes (Doc. #10, pg. 10) is incorrect and ignores Section

123.008 of the Texas Human Resources Code. For the applicable time period Section 123.008 provides as follows:

> Sec. 123.008. LOCATION REQUIREMENT. A community home may not be established within one-half mile of an existing community home.
>
> TEX. HUM. RES. C. §123.008.

6. Language in the Texas Administrative Code cited by Plaintiff provides an insight into the State's reasoning for regulation of spacing of community homes. Section 123.008 is clearly designed to achieve the same purposes, "to promote integration and enable residents to have non-disabled neighbors and to prohibit the congregation of community homes such that they would create "a residential area distinguishable from other areas primarily occupied by persons who do not require routine support because of a disability" or one where "most of the residents of the dwellings are persons with an intellectual disability…". Plaintiff has failed to plead facts which would show otherwise.

7. The matters contained in Exhibit "A" and referred to in Plaintiff's Background discussion are not relevant to the issues in this case. The recommendation of a State report regarding State operated institutions and even an allegation that there will be increased demand for new community homes would have no relevance to the issues in this case involving alleged actions by the City related to group homes.

8. Plaintiff's allegations of fire safety standards from the National Fire Protection Association 101 Life Safety Code (NFPA 101) which Plaintiff asserts in its Response (Doc. 10, pg. 12) have been adopted by the Texas Department of Aging and Disability Services (DADS) are also not relevant to the issues before this Court. The City of Beaumont has adopted the International Fire Code. The current version of Title 40, Part 1 of the Texas Administrative Code ("TAC"), Section 9.178(e)(1), clearly recognizes that local fire safety authorities may

apply provisions of the International Fire Code to group homes in Article II of the Section as follows:

> (1) Before providing residential support in a four-person residence, the program provider must: (A) ensure that the four-person residence meets one of the following: (i) is certified by:…(omitted text) …(II) the local fire safety authority having jurisdiction in the location of the residence as being in compliance with the applicable portions of the International Fire Code (IFC) as determined by the local fire safety authority; or…

TEX. ADMIN. CODE §9.178(e)(1). The term "four person residence" applies to a residence in which at least one person, but no more than four persons receive: (i) residential support;…(text omitted)…. TEX. ADMIN. CODE §9.153(21)(b). The local fire safety authority having jurisdiction within the City limits of the City of Beaumont, Texas must apply the International Fire Code sprinkler regulations relative to group homes because that is the Code that has been adopted by the City pursuant to State law. The DADS regulations cited above clearly anticipate that that providers of residential support for a residence with at least one, but no more than four persons, may be required to comply with the International Fire Code as determined by the local fire safety authorities.

9. The City disputes Plaintiff's factual assertions in Section "II. B" of the Response (Doc. #10, pgs. 12-14). In particular, the City has not applied rules to community homes that significantly exceed those governing such homes under federal and State law. The City does apply State spacing law and International Fire Code fire safety regulations to these homes, but that does not prevent them from locating within the City.

10. The City objects to Exhibit "C" and Plaintiff's use of Exhibit "C" in Plaintiff's Response (Doc. #10, pg. 13). The City denies Plaintiff's allegations in the paragraph discussing the alleged interpretation of this map. (Doc. #10, pg. 13). Plaintiff's attorneys' interpretation of the cited map are not supported or relevant. Further, Plaintiff's other assertions in this paragraph are

misleading, at best. There are many residential locations within the City where community homes and the individuals served may locate, and there is an accommodation process to allow homes even in areas within one-half mile of another community home.

11. The City denies Plaintiff's assertions that it has overly-restrictive fire code requirements. (Doc. #10, pg. 13) and the related allegations in this paragraph of the Response. Plaintiff has no supporting authority for its assertions related to the alleged over-restrictive nature of the International Fire Code provisions applied by the City.

12. The City objects to Plaintiff's use of Exhibit "D" and Plaintiff's allegations related to the City's alleged interpretation and application of International Building Code provisions. (Doc. #10, pgs. 13 and 14). The City denies Plaintiff's allegations in the related paragraph. These allegations are also unsupported.

### III. REPLY ARGUMENT

#### A. *Res Judicata* bars Plaintiff's Claims

13. All factual assertions made elsewhere in this Reply are incorporated in this section as if set forth herein in full.

14. Plaintiff's assertion that courts have repeatedly upheld FHA and ADA challenges to decisions arising from administrative proceedings before local zoning and planning boards has no bearing on the application of *res judicata* when the parties fail to follow the avenues available to them to appeal these decisions in a timely manner as asserted by Defendant. Further, Plaintiff cites to cases from the Ninth Circuit and other jurisdictions and provides no precedent from this jurisdiction.

15. Plaintiff's further citation to the *Elliot* case for the proposition that *res judicata* based on state administrative actions does not apply to federal civil rights statutes except in certain cases

ignores the fact that the *res judicata* asserted by Defendant is not just based on state administrative action. The present matter involves revocation, renewal or issuance of certificates of occupancy. The individuals involved, who were represented by counsel, failed to avail themselves of their right to appeal the decisions of the quasi-judicial board, the Board of Adjustment, to the Courts. Plaintiff's continues with a discussion of Title VII employment claim case law, which does not apply in the present matter.

**B. Even if Plaintiff asserts no *Res Judicata* applies, limitations would still bar claims**

16. All factual and legal assertions made elsewhere in this Reply are incorporated in this Section as if set forth herein in full.

17. Even if *res judicata* did not apply in this case, which Defendant does not admit, the claims raised by Plaintiff would still be barred by limitations. Plaintiff bases its claims on alleged actions by the City involving 's claims are made under the Fair Housing Act and the Americans with Disabilities Act ("the ADA"). The Fair Housing Act ("FHA") has a two-year statute of limitations. *See* 42 U.S.C. §3613(a)(1)(A). Since there is no federal statute of limitations for ADA claims, the Courts look to the limitations period provided by the forum state, which in this case is Texas's two-year limitations period. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003; *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989); *Brockman v. Tex. Dep't of Crim. Justice*, 397 Fed. Appx. 18, 21 (5th Cir. Tex. 2010).

18. For purposes of this Reply only, and without waiving any objections thereto, the City refers to the facts as alleged in Plaintiff's Complaint. The alleged incidents which were the subject of the HUD Complaints by Ms. Odom and Ms. Hicks took place prior to or in 2011. (Doc. #1, pgs. 9 to 11) In fact, the hearing of the City's "Zoning Board" on the matters which relate to Ms. Odom and Mr. Hicks request for a variance took place on July 7, 2011. (Doc. #1, pgs. 9 to 11). See decision of July 7, 2011 at Exhibit "F" to Plaintiff's Response (Doc. #10). The alleged incident of which Ms. Humphreys complained took place in June of 2012. (Doc. #1, pg. 6) Each of these incidents occurred over two years prior to the filing of Plaintiff's Complaint.

19. The statute of limitations has run on Plaintiff's FHA claims and ADA claims arising from alleged actions related to Todd Hicks, Laura Odom, and Alissa Humphreys.

### C. Complaint fails to state a claim under FHA and ADA

20. All factual and legal assertions made elsewhere in this Reply are incorporated in this Section as if set forth herein in full.

21. The cases cited by Plaintiff in this section can be distinguished from the current facts. Employment law cases dealing with adverse employment actions do not apply to the facts of this case. The only case cited by Plaintiff which relates to regulations applicable to homes for persons with disabilities is *Oxford House v. City of Baton Rouge*. 932 F. Supp. 2d 683, 695-96 (E.D. La. 2013). (See, Doc. #10, pg. 23). The principles in *Oxford House* do not relieve Plaintiff of the burden of pleading facts to support the elements of its discrimination claim in the present case. Plaintiff is complaining of the City's "challenged practices" in this case, not any ordinance of the City which contains alleged facial discrimination. (See, Doc. #10, pg. 24). For this reason, Plaintiff must plead sufficient facts to support the element of intent.

22. Plaintiff has cited to a case from the Sixth Circuit, again dealing with an Ordinance, and to cases from other jurisdictions outside of the Fifth Circuit in support of its argument that Courts have struck down spacing requirements that apply only to housing for persons with disabilities as intentionally discriminatory and not "tailored to the specific needs" of such persons, without requiring proof of "ill intent." (Doc. #10, pg. 24).

23. Likewise, Plaintiff has cited to *Marbrunek*, a case from the Sixth Circuit, and other cases from outside of the Fifth Circuit for its argument that Courts have struck down overly-restrictive code requirements that are targeted at housing for persons with disabilities under a disparate treatment theory. (Doc. #10, pgs. 24-26). The out of jurisdiction cases discussed above involve differing fact scenarios and would not apply as precedent in the present case.

24. The City denies Plaintiff's factual allegations set forth in support of City's alleged malice or improper assumptions and denies that these allegations, even if true, would support Plaintiff's assertion. (Doc. #10, pg. 26).

25. Plaintiff has misapplied the *Inclusive Communities* decision recognizing a disparate impact theory of discrimination related to the exclusion of minorities from neighborhoods to allegedly support a similar theory to their claims the City's practices allegedly "make unavailable or deny" housing on the basis of disability. (Doc. #10, pg 27). Plaintiff would ask this Court to stretch the doctrine beyond the meaning of the *Inclusive Communities* decision. Further, the City denies Plaintiff's unsupported statements regarding the "City's map", "the spacing requirement," and the "City's code restrictions." (Doc. #10, pgs. 27-28).

26. Plaintiff is incorrect that the findings in *Hemisphere Bldg. Co. v. Village of Richardson Park*. 171 F. 3d. 437 (7th Cir. Ill. 1999) are not applicable to this instant case. The Appellate Court in *Hemisphere Bldg. Co.* disapproved of district court cases in the seventh circuit, "which have held that a city must, if requested by a handicapped person, waive its requirements for the installation of sprinklers because the requirements make homes more expensive for the handicapped –as for everyone." This case is cited by the Southern District of Texas, Corpus Christie Division case, *Cody Smithers v. City of Corpus Christi,*,2008 U.S. Dist. LEXIS22170 (S.D. Tex. Mar. 19, 2008) affirming the "FHA bars discrimination against "handicapped people by reason of their handicap, rather than. . . by virtue of what they have in common with other people, such as a limited amount of money to spend on housing." Plaintiff does not cite a Fifth Circuit case that is in conflict with the *Cody Smithers* case. Plaintiff's argument is without merit. Plaintiff cites Defendant's case of *Tsombanidis v. West Haven Fire Dep't* 352 F. 2d 565 (2nd Cir. 2003) to support its reasonable accommodation argument. However, the *Tsombanidis* held

that the facts presented in that case did not apply to a disparate impact theory, which Defendant contends Plaintiff has not supported by some type of analytical mechanism or statistical information. Plaintiff attempts to slip through the Court's small exception that there may be some cases where statistics are not necessary. The instant case is certainly not one of these cases as demonstrated by the breath and scope of Plaintiff's response to Defendant's Motion to Dismiss.

**State of Texas is a Required Party**

27. All factual and legal assertions made elsewhere in this Reply are incorporated in this Section as if set forth herein in full.

28. Plaintiff's own Response establishes the need for the State of Texas as a party in this lawsuit. The belief of the United States regarding Texas statutes is incorrect and not relevant. (See Doc. #10, pg 37). If Plaintiff is claiming the spacing requirement applied by the City is facially discriminatory, then Plaintiff is challenging the one-half mile spacing requirement between community homes set forth in Section 123.008 of the Texas Human Resources Code (excerpt above in Section II), the provision applied by the City. If this State law is found to be unconstitutional it will "impact the requirement throughout the State." Plaintiff must bring in the State as a party as asserted by Defendant in its Rule 12(b)(7) argument.

29. Throughout Plaintiff's Response Plaintiff cites to the laws and regulations of the State of Texas, including the Texas Administrative Code provisions related to DADS regulations found in Plaintiff's "Background". (Doc. 10, pg. 11). The City of Beaumont has applied the one-half mile spacing requirement of the Texas Human Resources Code. Plaintiff is challenging State laws. The State of Texas is a necessary party to this suit.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, the City of Beaumont, Texas, prays this Court grant Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7) in all things and dismiss Plaintiff's claims, or, in the alternative, order the State of Texas to be added as a party defendant. Defendant respectfully prays for other and further relief to which is may be justly entitled.

Respectfully submitted,

**McKamie Krueger, LLP**
941 Proton Road
San Antonio, Texas 78258
210.546.2122 Telephone
210.546.2130 Facsimile

By: /s/: William M. McKamie
William M. McKamie
State Bar No. 13686800
mick@mckamiekrueger.com

Adolfo Ruiz
State Bar No. 17385600
adolfo@mckamiekrueger.com

Barbara L. Quirk
State Bar No. 16436750
barbara@mckamiekrueger.com

Charles H. Sierra
State Bar No. 18345300
charles@mckamiekrueger.com

Adrian A. Spears, II
State Bar No. 24049318
adrian@mckamiekrueger.com

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2015, a copy of **Defendant's Reply to the United States' Response to Defendant's Motion to Dismiss** was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing upon the following:

John Malcom Bales
*United States Attorney*
Eastern District of Texas

Michael Lockhart
Michael.lockhart@usdog.gov
Assistant United States Attorney
United States Attorney's Office- Beaumont
350 Magnolia Avenue, Suite 150
Beaumont, Texas 77701
409.839.2538
409.839.2643

Loretta E. Lynch
*Attorney General*
Vanita Gupta
*Principal Deputy Assistant Attorney General*
*Civil Rights Division*

Steven H. Rosenbaum
*Chief, Housing and Civil Enforcement Section*

Sameena Shina Majeed
*Acting Principal Deputy Chief*

Max Lapertosa
Max.lapertosa@usdoj.gov
Aurora Bryant
Aurora.bryant@usdoj.gov
Attorneys
United States Department of Justice - 006
Civil Rights Division
1800 G Street NW, Room 7119
Washington, DC 20006
and
950 Pennsylvania Ave. NW- G St.
Washington, DC 20530
202.305.1077                              /s/: William M. McKamie
202.514.1116                              WILLIAM M. McKAMIE