IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:15-cv-00201-RC |
| vs. | § | |
| | § | JUDGE: RON CLARK |
| CITY OF BEAUMONT, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**UNITED STATES' SUR-REPLY IN RESPONSE TO MOTION TO DISMISS**

**I. INTRODUCTION**

Pursuant to Local Rule CV-7(f), the United States submits the following Sur-reply, which is limited to arguments raised in the City's Reply (ECF No. 24) that were not addressed in the City's Motion to Dismiss (ECF No. 5) and the United States' Response (ECF No. 10).

**II. ARGUMENT**

**A. The City Waived Its Affirmative Defense Under the Statute of Limitations By Failing to Raise It In Its Motion to Dismiss**

In its reply, the City argues, for the first time, that the United States' claims are barred by the statute of limitations. Reply at 7. In so doing, the City has violated "a basic tenet of civil procedure that reply briefing may only respond to the allegations raised in the nonmovant's response … To hold otherwise would countenance litigation by ambush." Z-TEL Commc'ns v. SCB Commc'ns, 331 F. Supp. 2d 513, 539 (E.D. Tex. 2004).[1] In addition, under Fed. R. Civ. P.

---

[1] The City's disregard of this "basic tenet" extends to its sur-reply on the motion to intervene by Todd Hicks, Alissa Humphrey and Laura Odom, where the City argues – again for the first time – that intervention should be denied for the alleged failure of these persons to exhaust administrative remedies. ECF No. 25 at 1-3. The City so argues despite the fact that there is no exhaustion requirement under the FHA or the ADA. Gladstone Realtors v. Vill. of

**United States' Sur-Reply in Response to Motion to Dismiss – Page 1**

8(c), the City must raise the statute of limitations as an affirmative defense in its initial response to the Complaint, i.e., its Motion to Dismiss. By failing to do so, the City waived this defense. LeBouef v. Island Operating Co., 342 Fed. Appx. 983, 984 (5th Cir. 2009) ("[I]n an ordinary civil case, where the district court has no special duty to examine the pleadings, the affirmative defense of statute of limitations can be waived and may not be raised by the court sua sponte.");[2] Davis v. Huskipower Outdoor Equip. Corp., 836 F.2d 193, 198 (5th Cir. 1991) (Rule 8(c) "characterizes a statute-of-limitations defense as an affirmative defense that is waived unless pleaded by the defendant."); Manion v. Green, No. 4:12-CV-222, 2014 U.S. Dist. LEXIS 8133, *11 (E.D. Tex. Jan. 23, 2014) ("However, a statute of limitations defense was not raised by Defendants in their answer and was not included in their chosen affirmative defenses. … Thus, Green is barred from raising it as a defense."); United States v. Oak Manor Apts., 11 F. Supp. 2d 1047, 1051 (W.D. Ark. 1998) (statute of limitations defense under Fair Housing Act waived when not raised in initial response to the complaint).

### B. The United States' Claims Are Not Time-Barred

Even if this affirmative defense were somehow not waived, it is without merit. The City cites the Fair Housing Act's two-year limitations period under 42 U.S.C. § 3613(a)(1)(A), but this period applies only to claims by private aggrieved persons, and not to the United States' claims. Id. The United States has brought suit under 42 U.S.C. § 3614(a) alleging a "pattern or

---

Bellwood, 441 U.S. 91, 103-04 (1979); Sinisgallo v. Town of Islip Hous. Auth., 865 F. Supp.2d 307, 320 (E.D.N.Y. 2012) ("Indeed, it is well-settled that a plaintiff is not required to exhaust administrative remedies before commencing an FHA, ADA, or Rehabilitation Act claim in federal court.") (citing cases).

[2] In LeBouef, the Fifth Circuit clarified that a statute of limitations defense typically does not devoid the Court of subject matter jurisdiction. A jurisdictional question would only arise when, for example, a governmental waiver of sovereign immunity contains a limitations period. In all other circumstances, a defendant may waive a statute of limitations defense. Id. (citing Warren v. United States, 874 F.2d 280, 281-82 (5th Cir. 1989).

**United States' Sur-Reply in Response to Motion to Dismiss – Page 2**

Case 1:15-cv-00201-RC-ZJH  Document 26  Filed 09/11/15  Page 3 of 10 PageID #: 254

practice" of discrimination.  See Compl. ¶ 51, ECF No. 1.  "[N]either the Fair Housing Act itself nor any other federal statute provides for a statute of limitations on actions for injunctive relief brought under Section 3614(a).  Courts have consequently held that suits for injunctive or declaratory relief brought by the United States pursuant to that Section are not subject to any statute of limitations."  United States v. Harrison, 188 F. Supp. 2d 77, 80 (D. Mass. 2002).  See also United States v. Vill. of Island Park, 791 F. Supp. 354, 365 (E.D.N.Y. 1992); United States v. Town of St. John, No. 2:07-CV-330, 2008 U.S. Dist. LEXIS 5195, at *5 (N.D. Ind. Jan. 23, 2008); United States v. Tanski, No. 1:04-CV-714, 2007 U.S. Dist. LEXIS 23606, at *19-20 (N.D.N.Y. Mar. 30, 2007).  For money damages, see 42 U.S.C. § 3614(d)(1)(B), the United States is subject to a three year limitations period, 28 U.S.C. § 2415(b), which expressly excludes "all periods during which . . . facts material to the right of action are not known and reasonably could not be known" by the Attorney General.  28 U.S.C. § 2416(c).  This period begins, at the earliest, when the U.S. Department of Housing and Urban Development refers the case to the Attorney General, which in this case occurred in July and August 2013.  See Harrison, 188 F. Supp.2d at 81.[3]  For civil penalties, see 42 U.S.C. § 3614(d)(1)(C), the United States is subject to a five-year limitations period.  28 U.S.C. § 2462.

In any event, it is well-settled that "where a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that

---

[3] The same limitations periods apply to the United States' claims under the Americans with Disabilities Act.  The City's statement that "for ADA claims, the Courts look to the limitations period provided by the forum state," Reply at 7, is incorrect as a matter of law with regard to the United States' claims.  "[C]ourts have long held that the United States is not bound by any limitations period unless Congress explicitly directs otherwise."  United States v. Palm Beach Gardens, 635 F.2d 337, 339 (5th Cir. 1985).  The City agrees that "there is no federal statute of limitations for ADA claims."  Reply at 7.  Accordingly, as under the FHA, there is no limitations period for the United States' claims for injunctive relief, and the limitations period in 28 U.S.C. §§ 2415(b) and 2416(c) applies to the United States' damages claims.

**United States' Sur-Reply in Response to Motion to Dismiss – Page 3**

continues into the limitations period, the complaint is timely when … the last asserted occurrence of that practice" occurs within the limitations period. Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81 (1982); City of Miami v. Bank of Am. Corp., __ F.3d __, 2015 U.S. App. LEXIS 15444, *55 (11th Cir. Sept. 1, 2015) ("The continuing violation doctrine applies to 'the continued enforcement of a discriminatory policy,' and allows a plaintiff to 'sue on otherwise time-barred claims as long as one act of discrimination has occurred . . . during the statutory period.'") (quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001)). Here, the United States has challenged the City's discriminatory spacing requirements and fire code restrictions, which the City agrees remain in force. This is a classic case of an "unlawful practice that continues into the limitations period," Havens, 455 U.S. at 380, and the United States may seek relief for any individual claims that fall within the pattern or practice of discrimination. See EEOC v. Mitsubishi Motor Mfg. of Am., 990 F. Supp. 1059, 1087 (C.D. Ill. 1998) (EEOC may seek damages for any individual claims that fall within the period of the pattern or practice when it sues pursuant to its pattern or practice authority).[4]

---

[4] The City's claim that "Title VII employment claim case law … does not apply in the present matter," Reply at 6, is incorrect. "Courts in Fair Housing Act cases have adopted the interpretation of certain portions of Title VII in analogous cases as instructive." United States v. Di Mucci, 879 F.2d 1488, 1497 n. 12 (7th Cir. 1989); see also EEOC v. Miss. Coll., 626 F.2d 477, 482 (5th Cir. 1980) (noting "the strong similarities between the language, design, and purposes of Title VII and the Fair Housing Act" and interpreting the term "aggrieved person" in same manner for both statutes); Gamble v. City of Escondido, 104 F.3d 300, 304 (9th Cir. 1997) ("We apply Title VII discrimination analysis in examining Fair Housing Act ('FHA') discrimination claims."); Larkin v. Mich. Dep't of Social Servs., 89 F.3d 285, 289 (6th Cir. 1996) ("Most courts applying the FHA . . . have analogized it to Title VII of the Civil Rights Act of 1964.").

**United States' Sur-Reply in Response to Motion to Dismiss – Page 4**

### C. State Regulations Governing Community Homes Do Not Require Compliance With the International Fire Code

The City's claim that state regulations governing community homes "clearly recognize[] that local fire safety authorities may apply provisions of the International Fire Code to group homes," Reply at 3-4, is based on a selective and misleading quotation of a Texas Department of Aging and Disability Services (DADS) regulation that applies only to four-person homes, which are larger than many of the homes at issue here.[5]  More significantly, however, the City's reply omits three other fire certification options available to community homes to support the false assertion that such homes must obtain a local certification of compliance with the International Fire Code (IFC).  In fact, that is just one of four options available to four-person community homes, as the full text of this regulatory provision (with the City's omitted text underlined) makes clear:

> (1) Before providing residential support in a four-person residence, the program provider must:
>> (A) ensure that the four-person residence meets one of the following:
>>> (i) is certified by:
>>>> (I) <u>the local fire safety authority having jurisdiction in the location of the residence as being in compliance with the applicable portions of the National Fire Protection Association 101: Life Safety Code (Life Safety Code) as determined by the local fire safety authority;</u>
>>>>
>>>> (II) the local fire safety authority having jurisdiction in the location of the residence as being in compliance with the applicable portions of the International Fire Code (IFC) as determined by the local fire safety authority; or

---

[5] As discussed in the United States' response, DADS regulations do not require sprinklers for three-person community homes, and only require sprinklers for four-person homes if fire drill results show that residents cannot evacuate within three minutes.  U.S. Resp. Mot. Dismiss at 13. DADS regulations separately define three-person and four-person homes.  Compare Tex. Admin. Code §§ 9.153(54) with 9.153(22).

**United States' Sur-Reply in Response to Motion to Dismiss – Page 5**

> (III) the Texas State Fire Marshal's Office as being in compliance with the applicable portions of the Life Safety Code as determined by the Texas State Fire Marshal's Office; or
>
> (ii) as described in paragraph (2) of this subsection, is certified by DADS as being in compliance with the portions of the Life Safety Code applicable to small residential board and care facilities and most recently adopted by the Texas State Fire Marshal's Office; …

Tex. Admin. Code § 9.178(e)(1) (emphasis added).

Thus, the regulations allow four-person community homes to avail themselves of any one of the following four options:  1) local certification of compliance with the IFC; 2) local certification of compliance with the National Fire Protection Association 101 Life Safety Code (NFPA); 3) the State Fire Marshall's certification of compliance with the NFPA; or 4) DADS' certification of compliance with the NFPA.  Nothing in this regulation requires a community home to use the second option only, which the City selectively quotes.  Nor does this regulation authorize the City to impose this second option on community homes and deny them the other three options.  This regulation does not support, and indeed undermines, the City's claim that its discriminatory practices are mandated by State law.

### D. The Court Should Reject Defendant's Objections to the Exhibits Attached to the United States' Response Brief

Finally, the City requests to strike all but one of the exhibits attached to the United States' response brief because they "contain hearsay" and because the City disagrees with the United States over their relevance and meaning.  Reply at 1-4.  The latter reason is not, of course, grounds to strike an exhibit, and the City's factual disputes or alternative explanations have no bearing on a motion to dismiss.  See Lormand v. US Unwired, Inc., 565 F.3d 228, 267 (5th Cir. 2009) ("[U]nder Rules 8(a)(2) and 12(b)(6), at the pleading stage, the plaintiff is only required to plead a plausible cause of action; we are not authorized or required to determine whether the

**United States' Sur-Reply in Response to Motion to Dismiss – Page 6**

plaintiff's plausible inference … is equally or more plausible than other competing inferences…").

As for the City's evidentiary objections, they are baseless. The attached exhibits simply provide additional or clarifying authority for the United States' legal arguments, and in any event are not hearsay. Three of the six attachments – Exhibits C, E and F – are documents prepared by the City. Exhibits C and E are a letter and a map the City prepared and submitted to the U.S, Department of Justice during its investigation of this matter. Exhibit F is the one-page Board of Adjustment decision that forms the basis for the City's res judicata argument. These documents are properly before the Court on a motion to dismiss, and would be admissible at trial as the non-hearsay statements of a party-opponent. Fed. R. Evid. 801(d)(2). Notably, the City does not object to, and even cites, the Board of Adjustment decision, but provides no evidentiary distinction between this document and others prepared by the City. See Reply at 2, 4-5, 7.

Exhibits D and E are relevant sections of the International Building Code (IBC) and the NFPA 101 Life Safety Code, which have been adopted, respectively, by the City and the State of Texas. As such, they are legal authority, not evidence, and were attached to allow the Court to reference the sections cited in the United States' response brief more easily. Notably, throughout its briefs, the City has frequently described what it claims are the substantive requirements of the IBC and the IFC. See, e.g., Reply at 4; Mot. Dismiss at 2, 7, 18. The City cannot have it both ways: it cannot refer to and describe what these codes say in briefing and argument, while simultaneously objecting to the codes themselves on grounds that they constitute inadmissible hearsay or must first be authenticated. This would certainly be improper at trial.

Finally, Exhibit A, a report of the Texas Legislature, was cited as additional authority to demonstrate the State's recognition that, under Olmstead v. L.C., 527 U.S. 581 (1999), persons

**United States' Sur-Reply in Response to Motion to Dismiss – Page 7**

with intellectual or developmental disabilities have a fundamental right to live in the community and avoid institutionalization. As demonstrated by Ms. Humphrey's unnecessary and unwanted placement in a nursing facility, see Compl. ¶¶ 20-25, this fundamental right is being impeded by the City's unnecessary restrictions on community homes. As with the codes, the United States attached the Legislature's report – a publicly-available document – solely for the ease of the Court's reference. Whether or not it comes into evidence, the Court may certainly take judicial notice of any relevant facts contained in the report, including the legislative recommendations to close state institutions and the concomitant need for community housing for persons with intellectual or developmental disabilities. See Fed. R. Evid. 201.[6]

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss should be denied.

---

[6] The Court also may admit this report under Federal Rule of Evidence 807 even if it would not otherwise fall within a hearsay exception. There is no reasonable dispute that this report "has equivalent circumstantial guarantees of truthfulness," is "more probative" than other evidence of the Legislature's direction to the State to downsize its institutions, and that "admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a). However, as stated above, the Court need not decide the admissibility of this report at this juncture.

**United States' Sur-Reply in Response to Motion to Dismiss – Page 8**

Dated: September 11, 2015

Respectfully submitted,

| | |
|---|---|
| JOHN MALCOLM BALES<br>United States Attorney<br>Eastern District of Texas | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division |
| | s/ Max Lapertosa |
| MICHAEL LOCKHART<br>Assistant United States Attorney<br>350 Magnolia Avenue, Suite 150<br>Beaumont, TX 77701<br>Tel: (409) 839-2538<br>E-mail: Michael.Lockhart@usdoj.gov | STEVEN H. ROSENBAUM<br>Chief, Housing and Civil Enforcement<br>   Section<br>SAMEENA SHINA MAJEED<br>Principal Deputy Chief<br>MAX LAPERTOSA (IL Bar No. 6276608)<br>AURORA BRYANT (LA Bar No. 33447)<br>Attorneys<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>950 Pennsylvania Ave. NW – G St.<br>Washington, DC 20530<br>Tel: (202) 305-1077<br>Fax: (202) 514-1116<br>E-mail: Max.Lapertosa@usdoj.gov<br>        Aurora.Bryant@usdoj.gov |

**United States' Sur-Reply in Response to Motion to Dismiss – Page 9**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 11, 2015, I filed the foregoing document, including all attachments, via the Court's CM/ECF system, which shall send notice to the following counsel of record:

William M. McKamie, Esq.
mick@mckamiekrueger.com
Adolfo Ruiz, Esq.
adolfo@mckamiekrueger.com
Barbara L. Quirk, Esq.
barbara@mckamiekrueger.com
Charles H. Sierra, Esq.
charles@mckamiekrueger.com
Adrian A. Spears, Esq.
Adrian@mckamiekrueger.com
McKamie Krueger
941 Proton Road
San Antonio, TX 78258

Christopher McGreal, Esq.
cmcgreal@drtx.org
Disability Rights Texas
1420 Mockingbird Lane, Suite 450
Dallas, TX 75247

Garth A. Corbett, Esq.
gcorbett@drtx.org
Lisa Sneed, Esq.
lsneed@drtx.org
Disability Rights Texas
2222 West Braker Lane
Austin, TX 78758

Sean Jackson, Esq.
sjackson@drtx.org
Disability Rights Texas
1500 McGowan, Suite 100
Houston, TX 77704

                                                             s/ Max Lapertosa
                                                             Max Lapertosa

**Certificate of Service – Page 1**