IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| v. | § | No. 1-15-CV-201 |
| | § | |
| **CITY OF BEAUMONT** | § | |

**REPORT AND RECOMMENDATION DENYING**
**DEFENDANT'S MOTION TO DISMISS**

The Defendant, the City of Beaumont ("the City"), has filed its Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) & (7). (Doc. No. 5.) The City argues that the claims by the Plaintiff, the United States, are barred by res judicata and the statute of limitations. The City also argues, in the alternative, that the United States has failed to state a claim upon which relief can be granted and it has not met all conditions precedent to filing its complaint. The City also argues that the State of Texas is a necessary party to this action.[1] After reviewing the arguments of the parties, the court finds that the United States' complaint should not be dismissed at this time and the City's Motion to Dismiss should be denied.

However, because this case does raise issues as to the constitutionality of Texas statutes, the court orders the United States to notice the Texas Attorney General pursuant to Federal Rule of Civil Procedure 5.1 by **November 10, 2015 at 4:00 p.m.**

---

1. The City also objects to the exhibits provided by the United States in its Response in Opposition to Defendant's Motion to Dismiss. (Doc. No. 10.) Since the court looks only to the United States' complaint when ruling on the City's motion, the court does not address the merits of the City's objections.

1

## I.   Background

The following facts are alleged in the United States' complaint, which, for purposes of the motion to dismiss, the undersigned must accept as true and review in the light most favorable to the United States. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Community homes are meant to provide housing to persons with intellectual and developmental disabilities so that they may better integrate with the community at large. The City has enacted ordinances and fire codes applicable to these community homes. The City's ordinances include a requirement that all community homes, regardless of size or status, may not be within one-half mile of any other community home. Further, the City has adopted a fire code that requires the installation of sprinkler systems in all community homes regardless of size. Such sprinkler systems can cost around $30,000.

Alissa Humphrey, Laura Odom, and Todd Hicks are all intellectually and developmentally disabled and were all former, and perhaps current, residents of community homes. The City, citing its one-half mile spacing rule and fire code, required the closure of the community homes where Humphrey, Odom, and Hicks lived. Humphrey never appealed the closure of her community home, but currently lives in a community home that violates the City's one-half mile spacing requirement. Odom and Hicks appealed to the City's Zoning Board of Appeals ("Zoning Board"), seeking a variance to the City's ordinances, but their appeal was rejected on July 7, 2011. Humphrey, Odom, and Hicks all filed timely complaints with the U.S. Department of Housing and Urban Development ("HUD"). After reviewing the complaints, HUD referred them to the U.S. Department of Justice, which filed the present suit on behalf of

the United States on May 26, 2015.  The United States claims the City's actions violate the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA").

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."  Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009).  When a court analyzes a Rule 12(b)(6) motion, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  A court should grant such a motion only when the complaint fails to contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Likewise, a plaintiff must put forth more than "'unadorned, the defendant-unlawfully-harmed-me accusation[s].'"  Varela v. Gonzales, 773 F.3d 704, 707 (5th Cir. 2014) (citing Iqbal, 556 U.S. at 678).

## III.    Discussion

### A.     The City's 12(b)(6) Arguments

The City argues that the United States' Complaint should be dismissed under Rule 12(b)(6) on four grounds: (1) that the United States has failed to allege enough facts to support its claims under the FHA and the ADA, (2) that the United States has not met all the conditions

3

precedent to filing its suit, (3) that the United States' claims are barred by res judicata,[2] and (4) that the United States' claims are barred by the statute of limitations. The undersigned will address each of these arguments in turn.

*1. Failure to State a Claim*

The City argues that the United States' complaint fails to state a claim under the FHA or the ADA. The United States has three available theories for establishing a discrimination claim under the FHA or the ADA: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation. Tsombanidis v. W. Haven Fire Dept., 352 F.3d 565, 573 (2d Cir. 2003); see also United States v. City of New Orleans, CIV.A. 12-2011, 2013 WL 1767787, at *4 (E.D. La. Apr. 24, 2013) (citing cases).

The complaint contains sufficient allegations to state a plausible claim for relief under each of the three possible theories. First, the complaint contains sufficient allegations of intentional discrimination (disparate treatment). The United States alleges that the City's one-half mile spacing rule and the fire code requirements treat disabled and non-disabled persons differently. The complaint alleges that the spacing rule "applies only to community homes for persons with disabilities" and not to homes "for persons without disabilities." (Doc. No. 1, at 4.)

---

2. The City seeks dismissal on res judicata grounds pursuant to Rule 12(b)(6), stating that the court "lacks subject-matter jurisdiction" over the case because of a previous final decision of the City's Board of Adjustment. (Doc. No. 5, at 2.) However, res judicata is not an attack on the court's subject-matter jurisdiction. See Aldridge v. United States, CIV. 7:06-CV-0050-R, 2006 WL 2423417, at *1 (N.D. Tex. Aug. 22, 2006) ("Although the Government moves to dismiss pursuant to 12(b)(1), the Court construes this motion pursuant to 12(b)(6), a more appropriate vehicle for a res judicata claim."); Garrett v. Texas Dept. of Aging & Disability Services, 4:12CV776, 2013 WL 3098046, at *2 (E.D. Tex. June 18, 2013); Wilmington Trust, Nat. Ass'n. v. Blizzard, A-15-CA-236-SS, 2015 WL 3457619, at *2 (W.D. Tex. May 28, 2015). The distinction is significant because a Rule 12(b)(1) motion that attacks subject-matter jurisdiction may rely upon oral or written evidence outside of the complaint, whereas a Rule 12(b)(6) motion, with a few narrow exceptions, is limited to the allegations contained in the complaint. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981). Because the City's motion advances a res judicata defense, the more limited Rule 12(b)(6) analysis is appropriate, rather than a Rule 12(b)(1) attack on the court's subject-matter jurisdiction.

4

The City's motion to dismiss argues that the United States' complaint "does not suggest ill intent or improper assumptions about the disabled on the part of the City of Beaumont." (Doc. No. 5, at 9.) However, intentional discrimination may be proved by circumstantial evidence, and it is plausible that the disparate treatment alleged was motivated by an intent to discriminate. Kormoczy v. Sec'y, U.S. Dept. of Hous. & Urban Dev. on Behalf of Briggs, 53 F.3d 821, 824 (7th Cir. 1995) (noting that, under the FHA, "discriminatory intent [can be shown] either directly, through direct or circumstantial evidence, or indirectly, through the inferential burden shifting method known as the *McDonnell Douglas* test").

Second, the United States' complaint contains sufficient allegations to plausibly suggest disparate impact. To prove a disparate impact discrimination claim, the plaintiff must show the existence of a facially neutral policy or practice that "actually or predictably results in a disparate impact on a group of persons or creates, increases, reinforces, or perpetuates segregated housing patterns because of [disability]." 24 C.F.R. § 100.500(a); see also 28 C.F.R. § 35.130(b)(3) (corresponding ADA provision). Under Fifth Circuit case law, the question is "whether a policy, procedure, or practice specifically identified by the plaintiff has a significantly greater discriminatory impact on members of a protected class." Simms v. First Gibraltar Bank, 83 F.3d 1546, 1555 (5th Cir. 1996); see also Texas Dept. of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc., 135 S. Ct. 2507, 2518 (2015) (holding that disparate-impact claims are cognizable under the FHA). Again, the United States' complaint alleges that the City's spacing rule and fire code requirements apply only to community homes. (Doc. No. 1, at 4–5.) The complaint further alleges that the City "has taken enforcement action against other service providers for persons with intellectual or developmental disabilities" and these enforcement actions "have prevented, and continue to prevent, community homes from opening in the City of

Beaumont, despite high demand for such services." (Doc. No. 1, at 12.) These allegations are sufficient to plausibly suggest a disparate impact on disabled persons. The City argues that the United States must include "some type of analytical mechanism or statistical information" to state a claim for disparate impact. (Doc. No. 5.) The City cites *Tsombanidis v. W. Haven Fire Department* to demonstrate the kind of proof needed to establish a disparate impact claim. See 352 F.3d at 573. However, the City confuses the United States' burden of proof at trial with the minimal pleading requirements under the Federal Rules of Civil Procedure. *Tsombandis*, which is not binding in this Circuit, considered whether the plaintiffs had presented sufficient evidence at trial for each element of their prima facie case, not whether the plaintiffs had pled sufficient allegations to survive a Rule 12(b)(6) motion to dismiss. Id. at 578. For purposes of a motion to dismiss, the undersigned must accept as true all allegations contained in the United States' complaint. Iqbal, 556 U.S. at 679. Taking the allegations in the complaint as true, they plausibly suggest that the policies identified in the United States' complaint have a "significantly greater discriminatory impact on members of a protected class." See Simms, 83 F.3d at 1555.

Finally, the United States' complaint plausibly suggests that the aggrieved persons were denied reasonable accommodations. The complaint identifies three disabled individuals who were adversely impacted by the restrictions and that the City denied some of these individuals a variance. (Doc. No. 1, at 10.) The complaint contains enough well-pleaded facts to survive a motion to dismiss under Rule 12(b)(6).

 2. *Failure to Meet all Conditions Precedent Prior to the Filing of the United States' Complaint*

The City next argues that the United States did not give it a chance to accommodate the three disabled individuals mentioned in its complaint prior to filing this suit. (Doc. No. 5, at 15–

6

16.) The City characterizes this as a failure to meet "conditions precedent" to filing the reasonable accommodation claims and thus argues that the reasonable accommodation claims should be dismissed. (Doc. No. 5, at 16.) However, the City has provided no case demonstrating that a complaint should be dismissed for failing to *plead* that a reasonable accommodation was requested and denied. The motion only cites *Tsombanidis v. W. Haven Fire Department*, which states that "plaintiffs must first provide the governmental entity an opportunity to accommodate them through the entity's established procedures used to adjust the neutral policy in question" in order to "prevail" on a reasonable-accommodation claim. See 352 F.3d at 578. However, again, *Tsombanidis* did not address the *pleading requirements* for an FHA claim. In fact, *Tsombanidis* recognized that requesting a reasonable accommodation is not required to prevail on a reasonable-accommodation claim under the FHA if the plaintiff can demonstrate that such a request would have been "futile." Id. at 579 (citing United States v. Vill. of Palatine, 37 F.3d 1230, 1234 (7th Cir.1994)). Thus, *Tsombanidis* does not support the proposition that a plaintiff must plead a reasonable accommodation request in order to state a plausible claim for relief.

In any case, the United States alleges in its complaint that Laura Odom and Todd Hicks requested variances from the City's Zoning Board and were rejected. These well-pleaded facts, taken as true for the purposes of this 12(b)(6) ruling, defeat the City's argument that it was not given a chance to accommodate Laura Odom and Todd Hicks. The City argues the United States' complaint should be dismissed because it has "no record" of any reasonable accommodation requests submitted on behalf of Humphrey or any of the other persons "except as noted herein." (Doc. No. 5, at 16.) However, the undersigned does not consider any facts apart from those pleaded in United States' complaint when making its decision on a 12(b)(6)

motion. Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003); Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint . . . ."). Therefore, the United States' complaint should not be dismissed at this time.

### 3. *Res Judicata*

Next, the City argues that United States' claims are barred by res judicata. The United States' complaint alleges that Laura Odom and Todd Hicks requested accommodations from the City's Zoning Board. The City asserts that the Zoning Board's decision was a ruling on the merits and is entitled to preclusive effect under Texas law, barring the United States from bringing its current suit under the FHA and the ADA. After reviewing the United States' complaint, the undersigned concludes that res judicata does not clearly bar its claims.

A federal court must give the same res judicata effect to the Zoning Board's decision that would be given by a Texas state court. Prod. Supply Co. v. Fry Steel Inc., 74 F.3d 76, 78 (5th Cir. 1996). Under Texas law, res judicata, or claim preclusion, "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 628 (Tex. 1992). "Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second cause of action based on the same claims as were raised or could have been raised in the first action." In re D.W.G., 391 S.W.3d 154, 166 (Tex. App.—San Antonio 2012, no pet.). Res judicata is an affirmative defense. Brown v. Zimmerman, 160 S.W.3d 695, 701–02 (Tex. App.—Dallas 2005, no pet.).

An affirmative defense can be the basis of a 12(b)(6) motion to dismiss when it "appears clearly on the face of the pleadings." Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986).

In this case, the defense of res judicata does not clearly appear on the face of the United States' complaint. The complaint alleges that the United States was not a party to the Zoning Board's ruling on Laura Odom and Todd Hicks's requests for accommodation. Also, it is not clear on the face of the pleadings that the Zoning Board was a court of competent jurisdiction. The undersigned cannot say that the defense of res judicata appears clearly on the face of the complaint and so dismissal is not appropriate at this time.[3]

*4. Statute of Limitations*

Finally, the City argues that the United States' claims are barred by the applicable statute of limitations. The City does not raise this defense in its initial Motion to Dismiss but instead raises it in its Reply in Support of Defendant's Motion to Dismiss. (Doc. No. 24, at 7). "It is a basic tenet of civil procedure that reply briefing may only respond to the allegations raised in the nonmovant's response." Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc., 331 F. Supp. 2d 513, 539 (E.D. Tex. 2004). Since the City did not raise its statute of limitations defense in its initial motion to dismiss, the undersigned does not address the merits of that defense.

Further, because that defense relies heavily on the dates on which certain actions were taken, which is more appropriately considered outside the United States' pleadings, it is best suited for a motion for summary judgment rather than a Rule 12(b)(6) motion to dismiss.

---

3. Further, Plaintiff does not allege that Alissa Humphrey asked the Zoning Board for a variance. To the extent the Plaintiff bases its claims on the Defendant's treatment of Humphrey, the Zoning Board has not addressed the claims, and res judicata cannot bar Plaintiff's claims.

B.  **The City's 12(b)(7) Arguments**

The City next argues that the State of Texas is a necessary party under Federal Rule of Civil Procedure 19. The City points to two Texas statutes—Texas's Community Homes for Disabled Persons Location Act (CHDPLA)[4] and Local Government Code Section 214.216, which adopted the International Building Code and applied it to all municipalities—arguing that these statutes would be invalidated if the United States' claims are upheld. After reviewing the arguments, the court finds that the United States' suit potentially raises a question as to the constitutionality of these two statutes. However, the court will not order that the State of Texas be joined as a party at this time but instead orders the United States to serve notice on the Texas Attorney General's office pursuant to Federal Rule of Civil Procedure 5.1(a). The undersigned comes to this conclusion for the following reasons.

First, after reading the CHDPLA, the undersigned finds that it does have a section that arguably requires the same one-half mile spacing rule as the City's ordinances. If the City's interpretation of the statute is correct, the statute may be pre-empted by the FHA to the extent that it has a disparate impact on disabled persons. Moreover, even under the United States' interpretation of the statute, there is still the potential for a conflict with the FHA. The United States maintains that the CHDPLA "compliments, rather than contradicts" the FHA, because it does not *require* a spacing requirement for community homes, but rather provides community homes with a *preference* they may invoke to bypass zoning rules and restrictive covenants that would otherwise prevent the community home from operating. (Doc. No. 10, at 24.) The United

---

4. The CHDPLA is codified in the Texas Human Resources Code Sections 123.001 through 123.010.

States maintains that this preference may only be invoked if the community home meets certain requirements—including the spacing requirement. It is not clear that even this interpretation avoids a conflict with the FHA, because the possibility for a disparate impact on disabled persons remains as long as the spacing requirement is enforced, whether as a mandate or as a requirement to invoke the preference to override zoning rules or restrictive covenants. Because the United States is challenging the City's one-half mile spacing rule as a violation of the FHA, and it is possible that the CHDPLA conflicts with the FHA, the court cannot grant relief to the United States without first giving the State of Texas the opportunity to defend its statutes.

Second, the City argues that the State of Texas is a required party because Local Government Code Section 214.216, which adopted the International Building Code ("IBC") and applied it to all Texas municipalities, has the same sprinkler requirements as the City's ordinances and the State of Texas must be joined to protect its interest in enforcing these mandates. The United States argues that the community homes in question are considered "residential" under Section 214.211 of the Local Government code and that the IBC only applies to "commercial" buildings. (Doc. No. 10, at 36). However, while the United States' complaint is based on community homes located in one-family homes and apartment buildings—structures that presumably would be considered residential under the IBC—the community homes may also be considered "structures in which medical, rehabilitative, or assisted living services are provided," which are excluded from the definition of "residential" and thus not exempt from the IBC's requirements. See TEX. LOC. GOV'T CODE Ann. § 214.211(3) (West).

Further, the fact that municipalities are allowed to make amendments to the IBC does not remove Texas's interest in the matter. The State of Texas adopted the IBC to "provide consistency across municipalities and in unincorporated areas of Texas counties" in order to

"streamline commercial building leasing, construction, and renovation." Tex. Senate Research Ctr., Bill Analysis, Tex. S.B. 1458, 79th Leg., R.S. (2005). Therefore, while the City may have the power to amend the IBC, the State of Texas's interest in having uniform building codes throughout the state is still challenged by the United States' suit. Arguably, if this court rules that the City must amend the IBC pursuant to federal law, then all Texas municipalities would potentially have to amend the IBC, contradicting the State of Texas's purposes in adopting the IBC as a statewide standard.

It was for those reasons that Federal Rule of Civil Procedure 5.1 was created. Rule 5.1 requires a party whose pleadings question the constitutionality of a state statute to file notice of that constitutional question with the applicable state attorney general. FED. R. CIV. P. 5.1(a)(1)(B). The purpose of this notice is to provide a state the opportunity to intervene and ensure that its statutes are properly protected. Since the constitutionality of the CHDPLA and Local Government Code Section 214.216 are questioned in this matter, the State of Texas should be informed of these challenges and be given the opportunity to intervene in this action.

For the foregoing reasons, the undersigned finds that, at this early stage of the suit, it is not clear that the State of Texas is a required party and the City's motion to dismiss under 12(b)(7) should be denied. However, the United States is ordered to send notice to the Texas Attorney General that the constitutionality of the CHDPLA and Local Government Code Section 214.216 has been challenged pursuant to Federal Rule of Civil Procedure 5.1 by **November 10, 2015 at 4:00 p.m.**

### IV.   Conclusion

The City has not shown that the United States' complaint fails to state a claim on which plausible relief can be granted. Further, the City has failed to raise its statute of limitations

defense properly and has not shown that res judicata bars the United States' claims on the face of its complaint. Finally, at this time, the City has not shown that the State of Texas is a required party under Rule 19. However, the United States' claims potentially question the constitutionality of Texas law, and the State of Texas must be given an opportunity to intervene in this suit.

**IT IS THEREFORE RECOMMENDED** that the City's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) & (7) (Doc. No. 5) should be **DENIED**.

**IT IS ORDERED** that the United States send notice to the Texas Attorney General that this case presents a question regarding the constitutionality of Texas law pursuant to Federal Rule of Civil Procedure 5.1 by **November 10, 2015 at 4:00 p.m.**

**IT IS FURTHER ORDERED** that the Clerk's office will certify the constitutional question presented in this case to the Texas Attorney General pursuant to Federal Rule of Civil Procedure 5.1(b) by sending a copy of this Report and Recommendation by certified mail return receipt requested to the Attorney General of the State of Texas at the following mailing address:

> Office of the Attorney General
> PO Box 12548
> Austin, TX 78711-2548

## V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen days after being served with a copy of this report, and (4) be no more than eight pages in length. See 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2);

LOCAL RULE CV-72(c).  A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 3rd day of November, 2015.

_____
Zack Hawthorn
United States Magistrate Judge