IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:15-cv-00201-RC |
| vs. | § | |
| | § | JUDGE: RON CLARK |
| CITY OF BEAUMONT, TEXAS, | § | MAGISTRATE JUDGE: HAWTHORN |
| | § | |
| Defendant. | § | |

**UNITED STATES' RESPONSE
TO DEFENDANT'S OBJECTION
TO THE REPORT AND RECOMMENDATION
DENYING DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

The City's Objection, R. Doc. 35, is without merit and should be rejected because the Report and Recommendation ("R&R") correctly concluded that the United States' Complaint against the City of Beaumont ("City") should not be dismissed, and that the State of Texas is not a necessary party to this case. R. & R., R. Doc. 32. The City's objection does no more than relitigate arguments presented in the City's motion to dismiss – arguments rejected by the magistrate judge in the R&R. It provides no additional analysis and fails to address the R&R's specific findings or reasoning.

The City's objection is based on a misapprehension of the legal standards under the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") for claims alleging disparate treatment, disparate impact, and failure to make reasonable accommodations. The City's objection is also based on the erroneous position that United States must plead a prima facie case for each of its claims. This is not the law. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002) (a party need not plead a prima facie case to state a plausible discrimination

claim); <u>United States v. City of New Orleans</u>, No. CA 12-2011, 2013 U.S. Dist. LEXIS 58684, at *15 (E.D. La. Apr. 24, 2013).

## II. ARGUMENT

### A. The United States' Complaint States Claims Under the FHA and ADA

#### 1. Disparate Treatment

Contrary to the City's position, it is well-settled that a facially discriminatory rule does not require a plaintiff to prove ill intent, much less plead it.  See U.S. Resp. at 23-25; <u>Bangerter v. Orem City Corp.</u>, 46 F.3d 1491, 1500 (10th Cir. 1995); <u>Smith v. City of Jackson</u>, 351 F.3d 183, 186 (5th Cir. 2003), <u>aff'd</u>, 544 U.S. 228 (2005); <u>see</u> <u>also</u> <u>Int'l Union v. Johnson Controls</u>, 499 U.S. 187, 199 (1991) ("[T]he absence of a malevolent motive does not convert a facially discriminatory policy into a neutral policy with a discriminatory effect."); <u>Oxford House v. City of Baton Rouge</u>, 932 F. Supp. 2d 683, 695-96 (E.D. La. 2013) (ordinance that imposed burdens only on homes for persons with disabilities was facially discriminatory).  Here, the City's half-mile rule and heightened fire code requirements are facially discriminatory because they do not apply to similarly-situated dwellings for non-disabled persons.  See U.S. Resp. at 23-25.

Moreover, as the R&R found, "it is plausible that the disparate treatment alleged was motivated by an intent to discriminate." R. & R. at 5; <u>see</u> <u>also</u> U.S. Resp. at 26.  The City's Objection fails to address this finding and does not provide any authority that is contrary to the United States' position or the finding of the R&R. The sole basis of the City's objection is the Court's reliance on <u>Kormoczy v. Sec'y, U.S. Dep't of Hous. and Urban Dev.</u>, 53 F.3d 821 (7th Cir. 1995), a case the City itself relied upon in its Motion to Dismiss.  <u>Compare</u> Def. Obj. at 2 with R. Doc. 5, Def. Mot. Dismiss at 9.  There is, accordingly, no basis for reversing the R&R's conclusion that the United States sufficiently pleaded a disparate treatment claim.

### 2. Disparate Impact

In arguing that the United States has not stated a claim under disparate impact theory, the City continues to "confuse[] the United States' burden of proof at trial with the minimal pleading requirements under the Federal Rules of Civil Procedure." R. & R. at 6. The R&R explains that the City's continued reliance on Tsombanidis v. W. Haven Fire Dept., 352 F.3d 565 (2d Cir. 2003), see Def. Obj. at 3, is inappropriate because "Tsombanidis, which is not binding in this Circuit, considered whether the plaintiffs had presented sufficient evidence at trial for each element of their prima facie case, not whether the plaintiffs had pled sufficient allegations to survive a Rule 12(b)(6) motion to dismiss." R. & R. at 6. The City does not dispute that a party need not plead all elements of its case. Def. Obj. at 2-3; see City of New Orleans, 2013 U.S. Dist. LEXIS 58684 at *15; Swierkiewicz, 534 U.S. at 510. The United States' Complaint contains sufficient facts to allege that the City's half-mile spacing rule and fire code requirements for community homes have a significant adverse affect on the ability of those homes to operate within Beaumont. R. & R. at 5; see U.S. Resp. at 26-28; Bangerter, 46 F.3d at 1500. The R&R therefore appropriately rejects the City's arguments.

### 3. Refusal to Make Reasonable Accommodations

The City's objection to the United States' reasonable accommodation claim is based solely on arguments already made – and rejected by the magistrate judge – in its R&R. The City continues to rely on Hemisphere Bldg. Co. v. Vill. Of Richton Park, 171 F.3d 437 (7th Cir. 1999), and Smithers v. City of Corpus Christi, Civ. No. CC-06-133, 2008 U.S. Dist. LEXIS 22170 (S.D. Tex. Mar. 19, 2008), authority with no application to the present case. See U.S. Resp. at 28-30. Hemisphere involved a housing developer's appeal of the City's denial of his request to rezone a lot so he could build more units on the lot and thereby offer each unit at a

lower price to persons with disabilities. 171 F.3d at 438. The Seventh Circuit rejected the developer's reasonable accommodation claim, noting that the zoning rule at issue did not "hurt handicap people <u>by reason of their handicap</u>," but rather "hurt them solely by virtue of what they have in common with other people, such as a limited amount of money to spend on housing." 171 F.3d at 441 (emphasis in original).[1] By contrast, the City's heightened fire code requirements are applied to community homes <u>because of</u> the disabilities of their residents, and are not applied to similar dwellings for non-disabled individuals. <u>See</u> U.S. Resp. at 29-30.

Moreover, subsequent to deciding <u>Hemisphere</u>, the Seventh Circuit decided <u>Oconomowac Residential Programs v. City of Milwaukee</u>, 300 F.3d 775, 787 (7th Cir. 2002), a case on all fours with this one. <u>Oconomowac</u> involved a group home's request for a variance from a 2500 foot spacing rule limiting the locations of group homes. <u>Id.</u> at 777. When analyzing the group home's reasonable accommodation claim, the Seventh Circuit noted the group home residents' limited financial means in determining the need for the accommodation, finding that neither of two women with developmental disabilities "could [] afford to purchase a home on her own. The other disabled persons that ORP serves similarly are unable to live in residential communities without the resources of a group home facility." <u>Id.</u> The Court then held that the spacing requirement precluded new group homes from opening, and a variance to the spacing requirement was "absolutely essential for the plaintiffs to have equal opportunity to live in a residential community." <u>Id.</u> As in <u>Oconomowac</u>, Beaumont's restrictive code provisions prevent many community homes from operating, and an accommodation is "absolutely essential"

---

[1] <u>Smithers</u> is similarly inapplicable because it concerns the *burden of proof* for showing the necessity of a reasonable accommodation to a generally-applicable zoning rule and not whether plaintiffs had met their pleading burden with respect to a rule that targets persons with disabilities, such as the spacing requirement at issue here. 2008 U.S. Dist. LEXIS 22170, at *6-8.

to allow persons with intellectual or developmental disabilities to have equal opportunity to live in residential communities. Id. at 787; see U.S. Resp. at 28-32. The R&R therefore correctly determined that the United States pleaded a reasonable accommodation claim.

### a. The United States Did Not Fail to Meet "Conditions Precedent"

The Fifth Circuit has held that a local government's denial of a reasonable accommodation request establishes a violation of the FHA. Groome Res. v. Parish of Jefferson, 234 F.3d 192, 199 (5th Cir. 2000). The City does not dispute that two of the HUD complainants requested reasonable accommodations from the City; nor does the City dispute that it did not grant those requests. Def. Obj. at 4-5. Further, the City does not dispute the R&R's finding that the United States pleaded these facts with regard to Todd Hicks and Laura Odom. Id. at 4.

The City, relying on Tsombanidis, argues the United States' claim fails as to Ms. Humphrey because she did not request an accommodation. Def. Obj. at 6. However, the City does not address the R&R's finding that "Tsombanidis recognized that requesting a reasonable accommodation is not required to prevail on a reasonable-accommodation claim under the FHA if the plaintiff can demonstrate that such a request would have been 'futile,'" and thus, "Tsombanidis does not support the proposition that a plaintiff must plead a reasonable accommodation request in order to state a plausible claim for relief." R. & R. at 7. As the R&R rightly determined, the United States' Complaint contains sufficient facts to state a claim for failure to make reasonable accommodations for Todd Hicks, Laura Odom and Alissa Humphrey.

### B. The United States' Claims Are Not Barred by Res Judicata

The City concedes that the United States was not a party to the City's Board of Adjustment proceedings, and further does not dispute that case law would require the United

States to have been a party for res judicata to apply. Def. Obj. at 6. The City cites no authority in support of its proposition that it is entitled to affirmative defenses with respect to the identified aggrieved persons in the United States' suit. See id. Finally, the City cites no authority to overcome extensive case law, both in the Fifth Circuit and elsewhere, that the United States is not in privity with private parties in administrative actions. See U.S. Resp. at 19-21. For this reason alone, the R&R correctly rejected the City's res judicata claim and should be upheld.

The City's position is not only contrary to the case law, see U.S. Resp. at 15-22, but also inherently contradictory. The City argues that the FHA requires an individual to request an accommodation to have a cognizable claim, Def. Obj. at 6, but also claims that making this request via the City's designated procedure deprives the individual of his or her right to sue in federal court to challenge the City's denial of the requested accommodation – a result in clear and direct conflict with the FHA itself, which provides an express cause of action for FHA violations, including, as recognized in Groome Resources, denial of a reasonable accommodation. See 234 F.3d at 199; U.S. Resp. at 15-26, 28-29. This places persons with disabilities who require accommodations from the City in a classic Catch-22: if they request an accommodation from the City, they may not challenge the City's denial of that accommodation; but if they do not make this request, then they also cannot sue to challenge the City's failure to accommodate them. The R&R therefore correctly determined that this case is not barred by res judicata.

### C. The United States Filed Suit Within the Statute of Limitations

The City's Objection cites a Seventh Circuit case holding that it may raise its statute of limitations claim in a subsequent motion. Def. Obj. at 7. Even if this were correct, it would not alter the fact that a party cannot raise an issue for the first time in its reply, as the City

indisputably did here. Z-TEL Commc'ns v. SCB Commc'ns, 331 F. Supp. 2d 513, 539 (E.D. Tex. 2004). Accordingly, the R&R correctly refused to consider the merits of this argument. However, even if the City had timely raised a statute of limitations defense in its original motion, that claim would not succeed because the United States filed suit within the limitations periods applicable to Governmental claims. See U.S. Sur-Reply at 2-4.

### D. The State of Texas is not a Required Party and has Received Notice of the United States' Claims

In response to the City's claim that the State is a necessary party because, according to the City, state laws may be in conflict with federal law, the R&R ordered the United States and the Clerk to notify the Texas Attorney General of this suit under Fed. R. Civ. P. 5.1.[2] Accordingly, the State now has notice of this suit, including the R&R and the parties' briefing setting out their respective arguments and interpretations of state law. See R. Doc. 33-1. The State has 60 days to decide whether it feels it is necessary to seek intervention as a party.

Unsatisfied with this solution, the City continues to insist that the State be named as a party in this litigation, regardless of the State's position on the matter; that the State be subject to discovery; and that the State be required to defend this case regardless of its position on the state statutes on which the City claims to rely. The City has no legal basis for this demand, as demonstrated by the very case law the City has cited. In all three cases the City cites in its opening brief, the court rejected the request to name an additional defendant. See Def. Mot. Dismiss at 17-18 (citing Winn Dixie Stores v. Dolgencorp, LLC, 746 F.3d 1008 (11th Cir. 2014);

---

[2] Rule 5.1 is limited to Constitutional challenges. The United States' Complaint is limited to statutory claims under the FHA and ADA, see R. Doc. 1, which are distinct from Constitutional challenges. See Bangerter, 42 F.3d at 1503. However, the United States does not challenge the R & R determination that such notice be given and has provided this notice in accordance with the order. See R. Doc. 33.

School Dist. Of Pontiac v. Sec. of the U.S. Dep't of Educ., 584 F.3d 235 (6th Cir. 2009); Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399 (3d Cir. 1993)). In Winn-Dixie, the court refused to join a landlord as a party because the court was able to award complete relief without the landlord's involvement in the case, the landlord would not be bound by the decision in the district court in future litigation, and the landlord would not be subject to "inconsistent obligations" arising out of the case. 746 F.3d at 1038.

As in Winn-Dixie and the other cases cited by the City, the Court in the instant case can provide complete injunctive and monetary relief without joining the State as a party. Texas will not be bound by this District Court's decision as to the City of Beaumont's practices. Although the City's argument is premised entirely on the supposed "substantial risk" that the City would be subject to "inconsistent obligations," Def. Mot. Dismiss at 17-18, the Winn Dixie court explained that "'[i]nconsistent obligations' occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." 746 F.2d at 1040. Here, as in Winn Dixie, there is no claim that an interpretation of State law in this case would bind the State or render it impossible for the State to comply with "another Court's order concerning the same incident." There is simply no basis for ordering that the State be joined as a party under Rule 12(b)(7).

### III. CONCLUSION

For the reasons stated above, the United States respectfully requests this Court to overrule the Defendant's Objection, to adopt Magistrate Judge Hawthorn's Report and Recommendation, and to issue an Order denying Defendant's Motion to Dismiss and its Request to Join the State of Texas.

Dated:  December 8, 2015

                                                Respectfully submitted,

| | |
|---|---|
| JOHN MALCOLM BALES<br>United States Attorney<br>Eastern District of Texas | VANITA GUPTA<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division |
| | */s/ Aurora Bryant* |
| MICHAEL LOCKHART<br>Assistant United States Attorney<br>350 Magnolia Avenue, Suite 150<br>Beaumont, TX  77701<br>Tel:  (409) 839-2538<br>E-mail:  Michael.Lockhart@usdoj.gov | STEVEN H. ROSENBAUM<br>Chief<br>SAMEENA SHINA MAJEED<br>Principal Deputy Chief<br>MAX LAPERTOSA (IL Bar No. 6276608)<br>AURORA BRYANT (LA Bar No. 33447)<br>Trial Attorneys<br>United States Department of Justice<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>950 Pennsylvania Ave. NW – G St.<br>Washington, DC  20530<br>Tel:  (202) 305-1077<br>Fax:  (202) 514-1116<br>E-mail:  Max.Lapertosa@usdoj.gov<br>         Aurora.Bryant@usdoj.gov |

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 8, 2015, I filed the foregoing document, including all attachments, via the Court's CM/ECF system, which shall send notice to the following counsel of record:

William M. McKamie, Esq.
mick@mckamiekrueger.com
Adolfo Ruiz, Esq.
adolfo@mckamiekrueger.com
Barbara L. Quirk, Esq.
barbara@mckamiekrueger.com
Charles H. Sierra, Esq.
charles@mckamiekrueger.com
Adrian A. Spears, Esq.
Adrian@mckamiekrueger.com
McKamie Krueger, Esq.
941 Proton Road
San Antonio, TX  78258

                /s/ Aurora Bryant
                Aurora Bryant