IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 1:15-CV-201 |
| | § | |
| CITY OF BEAUMONT | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management pursuant to 28 U.S.C. § 636. On November 3, 2015, the magistrate judge filed a report (Doc. No. 32) recommending that the court deny Defendant City of Beaumont's "Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) & (7)" (Doc. No. 5). The City filed timely objections to the report and recommendation. (Doc. No. 35.)

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

After conducting a de novo determination of the magistrate judge's report and recommendation and the Defendant's objections, the court finds that the magistrate judge's findings and conclusions are correct. *See* FED. R. CIV. P. 72(b)(3). First, the report correctly concluded that the United States' discrimination claims should not be dismissed for failure to state a plausible claim for relief. (Doc. No. 32, at 4–6.) The City's objections are without merit

1

because they confuse the United States' pleading burden with its ultimate evidentiary burden at trial. The City argues that the United States has not provided sufficient "evidence"—for example, witness testimony or statistical analysis—to substantiate its claims, and therefore has not stated a plausible claim for relief. (Doc. No. 35, at 2–3.) This conflates burden of proof with the pleading required for a 12(b)(6) motion. At this early stage, the United States need only plead *allegations*—which the court accepts as true—that support a reasonable inference of discrimination; evidentiary proof beyond the pleadings is not necessary. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The report concluded that the allegations in the complaint supported such an inference, and the City's objections, by applying the incorrect legal standard, are non-responsive. The court's independent review of the report confirms that the magistrate judge's analysis is correct.

Second, the report correctly concluded that the United States' failure-to-accommodate claim should not be dismissed for failure to meet all conditions precedent. (Doc. No. 32, at 6–8.) In its objections to the report, the City again cites cases applying the incorrect legal standard, none of which address the pleading requirements for a failure-to-accommodate claim. (Doc. No. 35, at 5–6.) These objections are without merit.

Third, the report correctly concluded that the United States' claims were not barred by res judicata on the face of its complaint. (Doc. No. 32, at 8–9.) The City objects to two findings in the report: (1) that the City of Beaumont Board of Adjustment is a court of competent jurisdiction, and (2) that res judicata is improper because the United States was not a party to the Board's decision. (Doc. No. 35, at 6.) The City cites *Tellez v. City of Socorro* for the proposition that a city's Board of Adjustment is a court of competent jurisdiction for purposes of res judicata. 296 S.W.3d 645, 652 (Tex. App.—El Paso 2009, pet. denied). In fact, the opinion

contains no such statement. The opinion states that a Board of Adjustment is a "quasi-judicial" body, but the City has provided no basis for the court to conclude that a Board of Adjustment's decision would be given *preclusive effect* under Texas law. Additionally, the City cites no authority for its argument that res judicata bars the United States' claims despite the fact that it was not a party to the Board of Adjustment proceedings. These objections are without merit.

Fourth, the report correctly concluded that the City did not properly raise its statute of limitations defense. The City did not raise that defense in the motion to dismiss but in a reply to the United States' response in opposition to the motion. (Doc. No. 24, at 7.) The United States did not discuss the statute of limitations in its response. (Doc. No. 10.) Therefore, as the magistrate judge correctly concluded, the City could not raise the defense in its reply to the United States' response. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 513, 539 (E.D. Tex. 2004) ("It is a basic tenet of civil procedure that reply briefing may only respond to the allegations raised in the nonmovant's response."). The City argues that its actions were procedurally proper, because the statute of limitations defense was not waived even though the City did not raise it in the motion to dismiss. (Doc. No. 35, at 6–7.) That argument is inapposite—the magistrate judge did not hold that the City *waived* this defense, but merely raised it at a procedurally improper time. The City's objection is without merit.

Finally, the report correctly concluded that, in this early stage in the proceedings, it is not clear the State of Texas is a necessary party. The court agrees the proper course of action in this case was to send notice to the State of Texas pursuant to Federal Rule of Civil Procedure 5.1.

It is, therefore, **ORDERED** that the City's objections (Doc. No. 35) are **OVERRULED**; the magistrate judge's report and recommendation (Doc. No. 32) is **ADOPTED**; and the City's

"Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) & (7)" (Doc. No. 5) is **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **January, 2016.**

_____
Ron Clark, United States District Judge